Robert J. Cassity
Nevada Bar No. 9779
Joseph G. Went
Nevada Bar No. 9220
Sydney R. Gambee
Nevada Bar No. 14201
Caitlan J. Bohn
Nevada Bar No. 16585
**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
Fax: 702.669.4650
bcassity@hollandhart.com
jgwent@hollandhart.com
srgambee@hollandhart.com
cjbohn@hollandhart.com

Timothy P. Getzoff (*admitted Pro Hac Vice*)
**HOLLAND & HART LLP**
1800 Broadway, Suite 300
Boulder, CO 80302
Telephone: (303) 473-2700
Fax: (303) 975-5348
E-mail: tgetzoff@hollandhart.com

*Attorneys for Energy Enhancement System, LLC*

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ENERGY ENHANCEMENT SYSTEM, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>THE LIGHT SYSTEM, INC., a Connecticut corporation; JASON SHURKA, an individual; DOES I-X; and ROE CORPORATIONS XI-XX,<br><br>Defendants. | Case No.  2:25-cv-02015-JCM-MDC<br><br>**PROPOSED JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiff Energy Enhancement System, LLC ("EES" or "Plaintiff"), by and through its undersigned counsel, hereby submits this proposed joint discovery plan and scheduling order.

**1.     Meeting Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a):**

On February 11, 2025, Caitlan J. Bohn, Esq. counsel for Plaintiff, and Steve Shevorski, Esq., as counsel for Defendants The Light System, Inc. and Jason Shurka ("Defendants"),

1

participated in a telephonic discovery and scheduling conference (the "Conference") to discuss all of the issues required by Federal Rule Civil Procedure 26(f).

During the Conference, however, Defendants' counsel took the position that Defendants could not agree to a discovery scheduling order because Defendants intend to file a motion to stay discovery and, therefore, do not believe that discovery is proper. Plaintiff's position is that discovery proceeds in the ordinary course, notwithstanding a pending motion to dismiss, unless and until an order is entered staying discovery.

Notwithstanding, counsel for both parties discussed the topics required under the Federal Rules of Civil Procedure and the Local Rules of this Court, noting Defendants' position on discovery as a whole. Accordingly, the parties submit this Proposed Joint Discovery Plan and Scheduling Order noting where the parties agreed and where Defendants' refusal to participate in discovery prevented such agreement.

**2.    Subject of Discovery:**

All matters within the scope of Fed. R. Civ. P. 26.

**3.    Initial Disclosures:**

Plaintiff will serve Initial Disclosures under Rule 26(a)(1) on or before February 25, 2025. Defendants did not agree to serve their Initial Disclosures under Rule 26(a)(1) and maintain that discovery should be stayed.

**4.    Discovery Plan and Phases:**

Plaintiff states that discovery may be conducted on all matters relevant to the issues raised by the pleadings and all matters otherwise within the scope of Rule 26(b)(1) and not protected from disclosure.  Defendants maintain that discovery should be stayed but noted that no specific limitations were likely to be necessary here.

Plaintiff's proposed discovery plan, subject to additional requested extensions as may be necessary, is as follows:

a.    **Discovery Cut-Off Date:**

The proposed cut-off date for discovery shall be October 9, 2026, 270 days from the date of Defendants' responsive pleading filed on January 12, 2025.

2

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

### i.  **Request for Special Scheduling:**

Plaintiff requests special scheduling review for the following reasons: First, pending before the Court is Plaintiff's Motion for Preliminary Injunction. Second, pending before the Court is Defendants' Motion to Dismiss. Defendants represent that they intend to file a Motion to Stay Discovery pending resolution of the Motion to Dismiss and, indeed, have refused to agree to any discovery scheduling until the Motion to Dismiss is adjudicated. Third, Defendants are not located in Nevada; Jason Shurka is a resident of Florida and The Light System, Inc. is a Connecticut corporation with its principal place of business in New York. Therefore, discovery will likely require significant travel for the parties involved for depositions. Accordingly, Plaintiff believes that a discovery period of nine months is necessary to accommodate these anticipated delays.

### b.  **Amending the Pleadings and Adding Parties:**

All motions to amend the pleadings or to add parties shall be filed no later than July 10, 2026, ninety-one (91) days[1] prior to the proposed close of discovery.

### c.  **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):**

Disclosures concerning initial experts shall be made by August 10, 2026, sixty (60) days before the proposed discovery cut-off date. Disclosures concerning rebuttal experts shall be made by September 9, 2026, thirty (30) days after the initial disclosure of experts.

### d.  **Dispositive Motions:**

The date for filing dispositive motions shall not be later than November 9, 2026, thirty-one (31) days[2] after the proposed discovery cut-off date. In the event that the discovery period is extended from the discovery cut-off date set forth in this proposed discovery plan and scheduling order, the date for filing dispositive motions shall be extended to be not later than thirty (30) days from the subsequent discovery cut-off date.

### e.  **Pretrial Order:**

The date for filing the joint pretrial order shall not be later than December 9, 2026, thirty (30) days after the cut-off for filing dispositive motions. In the event that dispositive motions are

---

[1] This date has been adjusted as 90 days before the close of discovery falls on a Saturday.

[2] This date has been adjusted as 30 days after the close of discovery falls on a Sunday.

filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision on the dispositive motions or until further order of the Court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this discovery plan and scheduling order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

**f.    Fed R. Civ. P. 26(a)(3) Disclosures:**

The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections hereto, shall be included in the joint pretrial order.

**5.    Alternative Dispute Resolution:**

The parties have discussed all forms of alternative dispute resolution and will continue to explore the possibilities for resolution as this case proceeds. The Parties do not believe a settlement conference would be fruitful at this time.

**6.    Alternative Forms of Case Disposition:**

The parties certify that they have discussed the possibility of trial by the magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01), and agree that this case is properly suited before the District Court.

**7.    Electronic Evidence:**

The parties have not discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations, as Defendants maintain that discovery should be stayed pending adjudication of their Motion to Dismiss. Notwithstanding, Plaintiff agrees to provide discovery in an electronic format compatible with the Court's electronic jury evidence display system, to the extent practicable, and to the extent it is not practicable, agrees to meet and confer and otherwise work in good faith with Defendants with respect to the presentation of electronically stored information should any dispute arise.

**8.    Discovery of Electronically Stored Information (ESI):**

Plaintiff believes that a separate protocol governing the collection and production of ESI discovery will be necessary in this case and agrees to work with Defendants in good faith to accommodate discovery of ESI, which Plaintiff believes shall include non-traditional forms,

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

including but not limited to, text messages, social media, and cloud-based ESI. Plaintiff proposes to produce electronic documents in Tagged Image File Format ("TIFF") or Portable Document Format ("PDF"), with all relevant associated metadata provided in the form of a load file or some alternative discovery method that preserve the documents' searchability in review software or other document management software, with the native versions of documents with all existing meta data fields will be produceable upon request.  With respect to the production of any information either electronically stored or otherwise, the party producing the information shall pay for the preparation and reproduction costs of doing so.

Defendants maintain that discovery should be stayed pending adjudication of their Motion to Dismiss and intend to file a motion to stay discovery.

**9.    Discovery Limitations:**

The Parties will follow the procedures set forth in the Federal Rules of Civil Procedure.

**10.    Discovery Phases:**

The parties do not believe it is necessary to conduct discovery in phases.

**11.    Protective Orders For Confidential Documents And/Or Information:**

The parties have discussed the potential need for a protective order for confidential documents and/or information. Plaintiff believes that a protective order for confidential documents and/or information is necessary in this case and will meet and confer with Defendants regarding the same and, if necessary, seek a protective order from this Court.

Defendants maintain that discovery should be stayed pending adjudication of their Motion to Dismiss and intend to file a motion to stay discovery.

**12.    E-Service of Discovery:**

The parties agree to electronic service of documents and discovery not otherwise served through the CM/ECF via email, to email addresses designated by each party in writing, as may be amended in writing from time to time.

**14.    Extension or Modification of the Discovery Plan and Scheduling Order:**

Local Rule 26 governs modifications or extensions to this discovery plan and scheduling

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

5

order. Any stipulation or motion must be made not later than twenty-one (21) days before the expiration of the subject deadline and comply fully with LR 26-4.

**IT IS SO STIPULATED AND AGREED.**

DATED this 25th day of February 2026.          DATED this 25th day of February 2026.

**GREENBERG TRAURIG, LLP**                          **HOLLAND & HART LLP**


*/s/ Steve Shevorski, Esq.*                              */s/ Caitlan J. Bohn*
Steve Shevorski, Esq.                               Robert J. Cassity
Tyler W. Stevens, Esq.                              Joseph G. Went
10845 Griffith Peak Drive, Suite 600                Sydney R. Gambee
Las Vegas, NV 89135                                 Caitlan J. Bohn
                                                    9555 Hillwood Drive, 2nd Floor
                                                    Las Vegas, Nevada 89134
*Attorneys for Defendants*
                                                    Timothy P. Getzoff (*admitted Pro Hac Vice*)
                                                    1800 Broadway, Suite 300
                                                    Boulder, CO 80302

**IT IS SO ORDERED:**                                *Attorneys for Plaintiff*

Defendants filing a motion to dismiss
does not automatically stay discovery
or any other pretrial deadlines.
See 12/18/25 Standing Order at
Section II.A. (ECF No. 8).
Defendants shall serve their
Rule 26(a)(1) initial disclosures
by no later than March 13, 2026.

_____
United States Magistrate Judge

Dated: ___2-2?-26___

37076651_v1

**HOLLAND & HART LLP**
**9555 HILLWOOD DRIVE, 2ND FLOOR**
**LAS VEGAS, NV 89134**

6